**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ROGER WRIGHT and
AUDREY WRIGHT,

        Plaintiff,

v.                              No. 1:23-cv-00933-KK

DORCHESTER INSURANCE COMPANY, LTD., and
CANNASURE,

        Defendants.

**<u>MEMORANDUM OPINION AND ORDER FOR AMENDED COMPLAINT,
GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND
DENYING MOTION TO APPOINT COUNSEL</u>**

**THIS MATTER** comes before the Court on *pro se* Plaintiffs' Complaint for a Civil Case, Doc. 1, filed October 19, 2023 ("Complaint"), Plaintiff Roger Wright's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed October 19, 2023, and Plaintiffs' Motion Requesting Appointment of Counsel, Doc. 3, filed October 19, 2023.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff Roger Wright's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff Roger Wright signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff Roger Wright and his spouse's combined average monthly income during the past 12 months is $1,016.55; (ii) Plaintiff Roger Wright and his spouse's monthly expenses total $997.19; and (iii) Plaintiff Roger Wright and his spouse have $0.00 in cash and $26.99 in bank accounts. The Court finds that Plaintiffs are unable to pay the costs of this proceeding because Plaintiff Roger Wright signed an affidavit stating he and his spouse are unable to pay the costs of these proceedings, and because of their expenses are approximately equal to their low monthly income.

The Court's grant of the Application is based on the assumption that Plaintiff Roger Wright's spouse is co-Plaintiff Audrey Wright. If that assumption is incorrect, Plaintiff Audrey Wright must file an Application within 21 days of entry of this Order.

**The Complaint**

Plaintiffs, who have a cannabis license which allows them to grow a maximum of 200 plants, filed an insurance claim after half of the plants were damaged.  *See* Complaint at 4. Plaintiffs allege:

> Dorchester dba Cannasure and its agents unreasonably delayed providing a reasonable explanation of the basis relied on in the policy in relation to the facts for denial of our claim, which was not received until December 14, 2022. Dorchester and its agents misrepresented pertinent facts of the claim and policy provisions relating to coverages at issue.  The policy language used was ambiguous and not applicable to the coverage form to which it was applied in regards to the loss which occurred at out business location . . . We are seeking $302,000 for the Living Plant Material that was damaged and subsequent loss of business income.  The unreasonable delay in providing an explanation of the basis for denial of the claim left us without recourse in which to file an appeal. Dorchester's failure to acknowledge communications with respect to the claim denial resulted in the loss of the business location at the end of September 2022, which could not be financially sustained for an indefinite period of time without the business income or ability to replace the damaged product.

Complaint at 4.

The Complaint fails to state a claim upon which relief can be granted because it does not give Defendants fair notice of the grounds for Plaintiffs' claims.  "Though a complaint need not provide 'detailed factual allegations,' it must give just enough factual detail to provide 'fair notice of what the … claim is and the grounds upon which it rests;'" it must contain "'enough facts to state a claim to relief that is plausible on its face,' not just 'conceivable.'" *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2009)).  Plaintiffs allege that Defendants "misrepresented pertinent facts of the claim and policy provisions" and that "policy language used was ambiguous and not applicable" but do not identify the misrepresentations or the relevant facts and policy provisions.

It is not clear whether the entity Cannabis 1 LLC is a plaintiff.  The caption of the Complaint indicates Plaintiffs are "Cannabis 1 LLC (Roger Wright, Audrey Wright)."

3

Complaint at 1.   Section I.A. of the Complaint indicates the Plaintiffs are "Roger Wright & Audrey Wright dba Cannabis 1 LLC" and Roger Wright and Audrey Wright are "Cannabis 1's owners."  Complaint at 1, 5.  The Complaint also indicates that an insurance claim was "filed by Cannabis 1 LLC."  Complaint at 4.  If Cannabis 1 LLC is a plaintiff, then it must be represented in this action by an attorney authorized to practice before this Court.  *See* D.N.M.LR-Civ. 83.7 ("A corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court").

**Proceedings *in forma pauperis***

Plaintiff is proceeding *in forma pauperis*.  The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim ... only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiffs an opportunity to file an amended complaint.  If Plaintiffs do not timely file an amended complaint, the Court may dismiss this case.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  The Court will not order service at this time because the Court is ordering Plaintiffs to file an amended

complaint.  The Court will order service if Plaintiffs: (i) file an amended complaint that states a claim over which the Court has jurisdiction; and (ii) file a motion for service which includes the address of each Defendant.

**Motion to Appoint Counsel**

Plaintiffs request that the Court appoint counsel stating: (i) "we are unable to litigate this case on our own behalf because of the complexity of the case and believe that not having legal representation would provide an undo [sic] advantage to the defendants as they have more infinite resources available to them;" (ii) they contacted several attorneys in "a diligent effort to employ counsel;" and (iii) "we are financially unable to hire an attorney."  Motion to Appoint Counsel at 1-2.

"[C]ivil litigants have no right to counsel." *Witmer v. Grady County Jail*, 483 Fed.Appx. 458, 462 (10th Cir. 2012).  The decision to appoint counsel is left to the "extremely broad" discretion of the district court. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). While courts have authority to "*request* an attorney to represent a litigant who is proceeding in forma pauperis," *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added), the Court cannot "*require* an unwilling attorney to represent an indigent litigant in a civil case," *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (emphasis added). Congress has not provided any mechanism, process, or funds to pay appointed counsel. *See* 28 U.S.C. § 1915(e)(1).  Thus, the Court not only considers the benefits of having a represented plaintiff, but also must consider the hardship imposed on an attorney who is appointed to serve without remuneration or compensation, as well as without assurance that he or she would have funds available to assist in the investigation of claims, conduct formal discovery, retain experts, pay witness fees, or otherwise defray the costs of litigation.  Plaintiffs have not

cited, and the Court has not found, any legal authority which would allow the Court to appoint counsel in this case.

The Court denies Plaintiffs' Motion to Appoint Counsel.  The Court refers Plaintiffs to the District of New Mexico's Guide for Pro Se Litigants (October 2022) which, on page 6, lists resources for legal representation.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds the Plaintiffs of their obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)     Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed October 19, 2023, is **GRANTED.**

(ii)    Plaintiffs shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

(iii)   Plaintiffs' Motion Requesting Appointment of Counsel, Doc. 3, filed October 19, 2023, is **DENIED.**

**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**